IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN KELLEY § | |
| § | |
| v.   § | C.A. NO. C-10-071 |
| § | |
| DAN JOSLIN § | |

**OPINION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). On March 3, 2010, Petitioner filed this pro se motion for a downward departure pursuant to United States Sentencing Guidelines § 5G1.3(c) to have his time served at a Corrections Corporation of America facility applied to his federal sentence. Id. The motion is construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Pending is Respondent's motion to expand the record and for summary judgment. (D.E. 13). Petitioner has not filed a response.[1] For the reasons stated herein, Respondent's motion is hereby GRANTED.

## I.  JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6). Furthermore, after consent by the parties, (D.E. 5, 9), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 10); see also 28 U.S.C. § 636(c).

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## II. BACKGROUND

Petitioner was arrested in Tennessee by local authorities on November 20, 2006 for drug charges. (D.E. 14, at 1). He was convicted in Tennessee state court on December 8, 2006 for possession of a controlled substance. Id. at 2. He was sentenced to eight years of imprisonment, but that was suspended for an eight-year term of probation. Id. On June 5, 2008, he was again arrested by local authorities in Tennessee for drug charges, and his probation was revoked. Id. His sentence for the Tennessee state charge was set to expire on September 28, 2015. Id.

On November 4, 2008, the United States Marshal Service took custody of Petitioner pursuant to a writ of habeas corpus ad prosequendum and housed him in a Corrections Corporation of America facility in Mason, Tennessee. (D.E. 1, at 1); (D.E. 14, at Attach. 2, at 2). He was convicted on March 12, 2009 in United States District Court for the Western District of Tennessee of conspiracy to possess methamphetamine with the intent to distribute, and distribution of methamphetamine. (D.E. 14, at Attach. 3, at 1). He was sentenced to sixty months of imprisonment, and the court did not specify whether his sentence was to be served concurrently with, or consecutively to, his state sentence. Id. at Attach. 3, at 2. On March 27, 2009, Petitioner was released by the Marshal Service and returned to custody of the State of Tennessee. (D.E. 14, at 2, Attach. 2, at 2).

On November 2, 2009, the State of Tennessee paroled Petitioner and released him to Marshal Service custody. (D.E. 14, at 2). The Federal Bureau of Prisons ("BOP") commenced his federal sentence that same day. Id. at 3. The time he had spent in custody from June 5, 2008 to that point was credited to his state sentence, and not his federal sentence. Id.

Petitioner has not pursued any administrative remedies regarding his sentence computation, but rather filed this petition. Id. at 4-5.

### III.  DISCUSSION

Petitioner claims that the one hundred and forty-four days he served in the Corrections Corporation of America facility from November 4, 2008 to March 27, 2009 should be credited toward his federal sentence. (D.E. 1, at 2). Respondent seeks summary judgment on the grounds that Petitioner's claim is unexhausted and without merit. (D.E. 13).

**A.  Respondent's Motion To Expand The Record Is Granted.**

Rule 7 of the Rules Governing § 2254 Cases allows for a party in a habeas case to expand the record with "additional materials relating to the petition" as long as "the party against whom the additional materials are offered" is given "an opportunity to admit or deny their correctness." A court may apply this rule to § 2241 cases as well. Rule 1(b) of the Rules Governing § 2254 Cases; see also Ortloff v. Fleming, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) (unpublished) (applying Rule 6 of the Rules Governing § 2254 to a § 2241 case); Boutwell v. Keating, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (citation omitted).

Here, Respondent has moved that the record be expanded to include a declaration by John A. Farrar. (D.E. 13, at 1-2). Through his position as a Policy and Correspondence Specialist at BOP, Mr. Farrar has access to BOP records, and has testified regarding those records as they concern Petitioner's history of convictions, custody, and transfers. (D.E. 14, at 1-5). Additionally, he attached copies of Petitioner's pre-sentence investigation report and other BOP records regarding Petitioner's sentence calculations. Id. at Attach. 1-12. These materials relate directly to Petitioner's request for credit to his sentence for time already served.

Moreover, Petitioner received this document as an appendix to Respondent's answer and motion for summary judgment, but did not file any response disputing its contents or authenticity.

Accordingly, Respondent's motion to expand the record is granted and the record shall include the document appended to Respondent's motion for summary judgment.

**B.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**C.     Petitioner Did Not Exhaust His Administrative Remedies.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]."  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  See 28 C.F.R. § 542.14.  If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional

director on a Form BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

Here, Petitioner failed to engage the BOP administrative remedy process at any level. (D.E. 14, at 4-5). He chose instead to immediately file this petition. Accordingly, Petitioner failed to exhaust his administrative remedies.

**D.     BOP Correctly Refrained From Crediting Petitioner's Federal Sentence With His Time Served From November 4, 2008 to March 27, 2009.**

Congress has mandated that in certain circumstances a federal sentence should be credited for time already served in state custody:

> (a) Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. However, a petitioner is not entitled to credit on his federal sentence if the time at issue was credited to his state sentence. See Trejo v. Warden, 238 F. App'x 12, 13 (5th

Cir. 2007) (per curiam) (unpublished) (citing § 3538(b)); see also Garza v. Conner, 101 F. App'x 973, 974 (5th Cir. 2004) (per curiam) (unpublished) ("Garza is not entitled to credit toward his federal sentence for time served on his state sentences because he received credit on his state sentences until he was released into federal custody.").

For the entirety of Petitioner's time in custody from June 5, 2008 to November 2, 2009, he was in the primary custody of Tennessee. He began that period in Tennessee custody, and while he did spend time in United States Marshal Service custody during that time – November 4, 2008 to March 27, 2009 – it was pursuant to a writ of habeas corpus ad prosequendum. Custody such as that does not relinquish a defendant from another sovereign's primary jurisdiction. Richardson v. Outlaw, 274 F. App'x 353, 353-54 (5th Cir. 2008) (per curiam) (unpublished). Rather, habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. Id. (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)). Therefore, it was not until Petitioner was released by Tennessee to the Marshal Service on November 2, 2009 that BOP took primary custody of Petitioner and he began serving his federal sentence. See 18 U.S.C. § 3585(a).

Moreover, federal law mandates that prison terms imposed at different times are to run consecutively rather than concurrently, unless the sentencing court orders otherwise. 18 U.S.C. § 3584(a). Thus, because the federal court was silent regarding consecutive versus concurrent terms, his state and federal penalties, which were issued at different times, are presumed to run consecutively. His federal sentence, therefore, could not have begun running while he was still serving his state sentence.

Finally, BOP correctly refrained from crediting Petitioner's federal sentence with the

time he spent in custody from November 4, 2008 to March 27, 2009 because that time was already credited toward his state sentence. Pursuant to § 3585(b), this time cannot be credited toward his federal sentence. See Leal v. Tombone, 341 F.3d 427, 429-30 (5th Cir. 2003) (per curiam) (BOP was not required to credit toward his federal sentence the time defendant spent in state custody that was credited toward his state sentence when defendant was taken into federal custody).

Accordingly, BOP correctly refrained from crediting Petitioner's federal sentence with his time served from November 4, 2008 to March 27, 2009.

## IV. CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 13), is granted. Accordingly, the petition is dismissed.

ORDERED this 19th day of July 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE